UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X

| | | |
|---|---|---|
| LM MEDICAL, PLLC and DR. LESLEY RABACH, | : | 23 Civ. 06784 |
| Plaintiff(s), | : | |
| against | : | **COMPLAINT** |
| HAUS OF GRACE LLC and VICTORIA CIANO, | : | [JURY TRIAL DEMANDED] |
| Defendant(s). | : | |

---------------------------------X

Plaintiffs LM Medical, PLLC ("LM Medical") and Dr. Lesley Rabach ("Dr. Rabach") (collectively, "Plaintiffs"), by and through their attorneys, McLaughlin & Stern LLP, for their Complaint against Defendants Haus of Grace LLC ("Haus of Grace") and Victoria Ciano ("Ciano") (collectively, "Defendants"), allege, on knowledge as to their own actions, and otherwise on information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      LM Medical brings this action seeking injunctive and monetary relief for Defendants' intentional infringement of LM Medical's copyright in LM Medical's audio-visual works (the "Copyrighted Works"), as well as Defendants' violation of Dr. Lesley Rabach's right of publicity, New York's Civil Rights Law § 51.

2.      LM Medical owns and operates a dermatology and facial plastic surgery office located in New York City.

3.      Between 2021 and 2022, LM Medical created the Copyrighted Works. As a result, LM Medical is the owner of all copyright rights in the Copyrighted Works. Since creation of the Copyrighted Works, LM Medical has published and publicly displayed, the Copyrighted Works in the United States by publishing and posting them to LM Medical's owned and operated social

media accounts. LM Medical has used the Copyrighted Works to promote LM Medical's business to the public. Upon completion of its Copyright applications for the Copyrighted Works, LM Medical shall own a federal registration for the Copyrighted Works.

4.      All of the claims asserted herein arise out of and are based on Defendants' copying, reproduction, distribution, and public display, of the Copyrighted Works that are copied from and virtually identical to the Copyrighted Works. LM Medical sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

5.      Further, one of LM Medical's owners, Dr. Lesley Rabach never gave permission to Defendant to use Dr. Rabach's persona and likeness to market Defendants, nor was Dr. Rabach compensated in any manner for the use of her persona and likeness.

6.      Moreover, Defendants used images and videos of Plaintiffs' patients, while undergoing medical procedures at LM Medical's office. All of these patients gave express written consent to Plaintiffs to use their pictures and images for promotional materials, but certainly never consented to any third-party use of the same. Thus, Defendants' use of these images is also in direct violation of HIPPA.

7.      Plaintiffs seek all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiffs' damages and Defendants' profits from Defendants' willfully infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

8.      This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

10.     Plaintiff, LM Medical, PLLC, is a professional service limited liability company that is incorporated in New York and has its principal place of business in New York. LM Medical owns and operates a dermatology and facial plastic surgery office comprised of two sisters, Dr. Lesley Rabach, a facial plastic surgeon, and Dr. Morgan Rabach, a board-certified dermatologist. Plaintiff offers cutting edge cosmetics treatments and medical care from their state-of-the-art office in Greenwich Village, New York.

11.     On information and belief, Defendant, Haus of Grace, is a limited liability company that is incorporated in New York and has its principal place of business in Babylon, New York. On information and belief, Haus of Grace is a beauty salon that offers various beauty services including lash extensions, lash lifts, brow waxing, brow tint and lamination, facials, body facials, hair services, body contouring, and sugaring hair removal, as well as cosmetic dermatology services. Moreover, upon information and belief, Haus of Grace does not employ a supervising physician to oversee the medical treatments being performed at its premises.

12.     On information and belief, Defendant Victoria Ciano is an individual who resides in Garden City, New York.

13.     On information and belief, Ciano, is a citizen of the United States.

14.     On information and belief, Ciano, is a former employee of LM Medical from the period of July 13, 2020 to March 16, 2023 and currently works at Haus of Grace.

15.     On information and belief, Haus of Grace is owned and operated by Ciano's family member.

## FACTS

A. <u>Plaintiff and Its Copyrighted Works</u>

16.     LM Medical created the Copyrighted Works between 2021 and 2022. As a result, LM Medical own any and all copyright rights in the Copyrighted Works. True and correct copies of the Copyrighted Works are attached hereto as Exhibit A.

17.     The Copyrighted Works are wholly original, and LM Medical is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

18.     LM Medical shall be the owner of valid and subsisting United States Copyright Registration Nos. to be provided following registration of its applications for the Copyrighted Works.

19.     LM Medical published, distributed, and displayed the Copyrighted Works by publishing and posting the Copyrighted Works on LM Medical's owned and operated social media accounts. This publication, distribution, and display has been a tremendous success.

20.     The Copyrighted Works are of significant value to LM Medical because LM Medical uses its social media accounts, including Instagram and Facebook, to market themselves and drive interest and business, as well as build a loyal social media following. LM Medical started as a small "boot strapping it" business and has relied on patient interest in educational content through these online formats to build their business. Indeed, LM Medical's content seeks to dissuade people from sensationalist medical care and trends, and to provide real in-person examples of treatments that LM Medical can do only with the help and trust of their long-term patients.

B.  Defendant's Infringing Conduct

21.     Haus of Grace published and publicly displayed Instagram "stories" featuring the Copyrighted Works (the "Infringing Works"), which are virtually identical to the Copyrighted Works. Attached hereto as Exhibit B are copies of the Infringing Works.

22.     On information and belief, Haus of Grace obtained physical possession, through Ciano, of or otherwise viewed LM Medical's Copyrighted Works, and intentionally copied and made a derivative work of the Copyrighted Works to create the Infringing Works. That Defendants copied the Copyrighted Works when they created the Infringing Works is evidenced by the identical similarities between the Copyrighted Works and the Infringing Works, which cannot possibly be explained other than as a result of copying and Haus of Grace's access to the Copyrighted Works as a result of Ciano's former employment with LM Medical and the availability of the Copyrighted Works on LM Medical's social media accounts.

23.     Defendants copied the Copyrighted Works without LM Medical's authorization, consent, or knowledge, and without any remuneration to LM Medical.

24.     As can be seen from viewing and comparing Exhibits A and B, the Infringing Works are identical or nearly identical to the Copyrighted Works. Given these similarities, the Infringing Works are substantially similar to and virtually indistinguishable from the Copyrighted Works.

25.     Since Defendants copied the Copyrighted Works to create the Infringing Works, it has used the Infringing Works to promote its own business for commercial benefit. On information and belief, Haus of Grace continues to publicly display at least some of the Infringing Works on Haus of Grace's social media accounts.

26.     As a result of Defendants' actions described above, LM Medical has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution and public display of the Infringing Works. Defendants have never accounted to or otherwise paid LM Medical for their use of the Copyrighted Works.

27.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to LM Medical for which LM Medical has no adequate remedy at law.

**COUNT ONE**
**Federal Copyright Infringement**
**(17 U.S.C. § 501)**

28.     Plaintiffs repeat and reallege paragraphs 1 through 27 hereof, as if fully set forth herein.

29.     The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. LM Medical is the exclusive owner of rights under copyright in and to the Copyrighted Works. LM Medical shall own a valid copyright registration for the Copyrighted Works.

30.     Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, and public display of the Infringing Works, which are copied from, derivative of, and substantially similar to LM Medical's Copyrighted Works, without LM Medical's permission, Defendants have directly infringed LM Medical's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

31.     On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of LM Medical's rights in the Copyrighted Works, and has enabled Defendants to illegally obtain profit therefrom.

32.     As a direct and proximate result of Defendants' infringing conduct alleged herein, LM Medical has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), LM Medical is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Work, and an accounting of and a constructive trust with respect to such profits.

33.     Alternatively, LM Medical is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each of LM Medical's Copyrighted Works that Defendants have infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

34.     LM Medical further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35.     As a direct and proximate result of the Defendants' infringing conduct alleged herein, LM Medical has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Works. LM Medical therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining LM Medical's ongoing infringing conduct.

**COUNT TWO**
**Contributory Infringement of Copyright**

36.     Plaintiffs incorporate by reference as though fully set forth herein the allegations contained in paragraphs 1 through 35 above.

37.     Upon information and belief, Ciano knowingly induced, participated, and aided and abetted in, and profited from, the copying of the Copyrighted Works. By providing the Copyrighted Works to Haus of Grace for publication and display on Haus of Grace's social media

accounts, Ciano has and continues to materially contribute to the unauthorized reproduction and display of the Copyrighted Works by Haus of Grace.

38.     As a direct and proximate result of Ciano's acts of contributory infringement, LM Medical has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, and loss of income and profits all in amounts to be established at trial.

## COUNT THREE
### Vicarious Infringement of Copyright

39.     LM Medical incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 38 above.

40.     Ciano had, and continues to have, the right and ability to supervise and/or control the infringing conduct of Haus of Grace by blocking access to the Copyrighted Works. Ciano has failed to exercise such supervision and/or control. As a direct and proximate result of such failure, Haus of Grace has repeatedly infringed the Copyrighted Works and will continue to do so.

41.     Ciano derived (and continues to derive) substantial financial benefit from the infringements of the Copyrighted Works in that the Infringing Works drove substantial business to Haus of Grace, which is where Victoria Ciano currently works, and which is also owned by her brother-in-law.

42.     As a direct and proximate result of Ciano's vicarious infringements of the Copyrighted Works, LM Medical is entitled to damages.

## COUNT FOUR
### Right of Publicity
### (N.Y. Civil Rights Law § 51)

43.     Plaintiffs incorporate by reference as though fully set forth herein the allegations contained in paragraphs 1 through 42 above.

44.     Defendants have engaged in the unlawful and unauthorized use of Dr. Lesley Rabach's image and likeness. Dr. Rabach's right of publicity has been breached and violated because her likeness has been published on the Internet without her consent. Attached hereto as Exhibit C are copies of the works that infringe Dr. Rabach's right of publicity.

45.     Dr. Rabach has a property right in her persona and likeness.

46.     Dr. Rabach did not authorize Defendants to use her persona and likeness.

47.     New York law forbids this practice under Civil Rights Law Section 51.

48.     As a result of Defendants' conduct, Dr. Rabach has suffered substantial harm, including but not limited to: (1) the emotional distress of having her likeness exploited without her consent; (2) the loss of the ability to control the dissemination of her persona and likeness; and (3) the loss of the ability to control the association of her persona and likeness.

49.     Unless Defendants are enjoined from continuing the aforementioned unlawful acts, Dr. Rabach will continue to suffer irreparable harm.

50.     Accordingly, Dr. Rabach seeks monetary damages.

WHEREFORE, Plaintiffs requests judgment against Defendants as follows:

1.     That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.     That Defendants have violated Dr. Rabach's right of publicity.

3.     Granting an injunction preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a)     distributing and displaying or authorizing any third party to distribute, and display the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

(b)     reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging in any activity that infringes LM Medical's rights in its Copyrighted Works; and

(c)     using, disclosing, disseminating, posting, displaying, sharing, distributing, copying, advertising, or selling, in any manner whatsoever, all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from Dr. Rabach's persona or likeness;

(d)     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) (b) or (c).

4.     That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct;

5.     That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies of the Infringing Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

6.     That Defendants, at their own expense, be ordered to recall the Infringing Works from any others that have distributed the Infringing Works on Defendants' behalf, and other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the

Copyrighted Works, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

7.      Awarding Plaintiffs:

(a)      Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b)      damages sustained by Plaintiffs as a result of Defendant's infringing conduct, in an amount to be proven at trial;

(c)      should Plaintiffs so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits, in an amount no less $650,000;

(d)      restitution for Defendants' unauthorized use of Dr. Lesley Rabach's persona and likeness; and

(e)      Plaintiffs' reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

8.      Awarding Plaintiffs interest, including pre-judgment and post-judgment interest, on the foregoing sums.

9.      Awarding such other and further relief as the Court deems just and proper.

Dated:   August 2, 2023                        Respectfully submitted,
         New York, New York

                                               */s/ Brett R. Gallaway*_____
                                               Brett R. Gallaway, Esq.
                                               Abraham Lichy, Esq.
                                               McLaughlin & Stern LLP
                                               260 Madison Avenue
                                               New York, New York 10016
                                               (212) 448-1100
                                               bgallaway@mclaughlinstern.com
                                               alichy@mclaughlinstern.com
                                               *Attorneys for* LM Medical, PLLC

**EXHIBIT A**

**The Copyrighted Works**











**EXHIBIT B**

**The Infringing Works**











**EXHIBIT C**

**Violation of Right of Publicity**



